# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL ANTHONY TEEN, #461504, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARK S. PEEBLES and ) <br> PEEBLES AND ASSOCIATES, LLC, ) <br> ) <br> Defendants. ) | Case No. 17−cv−00593−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antrell Teen, an inmate who is currently detained at St. Clair County Jail located in Belleville, Illinois, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against the public defender who represented him in his state criminal case. (Doc. 1). Plaintiff claims that he was provided with ineffective assistance of counsel. (Doc. 1, pp. 4-6, 9-28). He seeks monetary relief against his court-appointed public defender, Attorney Mark Peebles and Peebles and Associates, LLC. (Doc. 1, p. 7).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the Complaint and this action.

### **The Complaint**

In his Complaint, Plaintiff alleges that he was denied the effective assistance of counsel in his state criminal case. (Doc. 1, pp. 4-5, 9-28). According to a timeline he included in the Complaint, Plaintiff was taken into custody on December 11, 2015. (Doc. 1, p. 9). He requested a speedy trial during his arraignment on December 16 and 21, 2015. *Id*. Attorney Mark Peebles was appointed as his public defender the following month. (Doc. 1, p. 4). Plaintiff met with his attorney twice between January and April 2016. *Id*. He made his first court appearance with counsel on April 28, 2016. *Id*. At the hearing, his case was set for trial on May 23, 2016. *Id*. The trial date was moved to June 20, 2016. *Id*. Plaintiff was convicted following a jury trial on June 23, 2016. *Id*.

Plaintiff sets forth numerous complaints about his legal representation in the criminal matter. (Doc. 1, pp. 4-5, 9-28). Attorney Peebles was allegedly inaccessible to Plaintiff and his

family. *Id.* He intentionally excluded Plaintiff from court hearings and other trial preparation activities. *Id.* He refused to file motions on Plaintiff's behalf and at his request, including motions seeking a transfer of venue, a bond reduction, and dismissal of the pending charges. *Id.* Plaintiff also alleges that his attorney was unfamiliar with the law. *Id.* He failed to strike biased jurors or challenge the State's use of certain jury instructions. *Id.* He failed to call certain witnesses or competently cross-examine others. *Id.* As a result, Plaintiff was allegedly deprived of the right to a speedy trial, trial by an impartial jury, and due process of law. *Id.*

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in the Complaint into the following enumerated count:

**Count 1 -** Defendants provided Plaintiff with ineffective assistance of counsel in his state criminal case, in violation of Plaintiff's constitutional rights.

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. The designation of this claim does not constitute an opinion regarding its merits. **Any claims that are not identified above but are encompassed within the Complaint are considered dismissed without prejudice from this action.**

## Count 1

The Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. It is well-settled that a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of

the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under § 1983 for negligence or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Both Attorney Peebles and his firm are considered non-state actors and are therefore not subject to suit under § 1983. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under § 1983 for legal malpractice because such an attorney does not act "under color of state law." *Dodson*, 545 U.S. at 324-25. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id*. at 325. The Seventh Circuit has repeatedly reached the same conclusion. *See Turner v. Godinez*, -- F. App'x --, 2017 WL 2323363 (7th Cir. May 26, 2017) ("public defenders were not acting under color of state law and thus cannot be sued under § 1983"); *Brown v. Wisconsin Public Defender's Office*, 854 F.3d 916 (7th Cir. 2017) (prisoner incurred two strikes for filing frivolous civil rights action and appeal against public defender's office based on representation of him in appeal); *Swift v. Swift*, 556 F. App'x 509, 510-511 (7th Cir. 2014) (public defenders acting as criminal counsel do not act "under color of state law" and cannot be sued under § 1983); *McDonald v. White*, 465 F. App'x 544 (7th Cir. 2012) (same).

Plaintiff challenges the decisions that Attorney Peebles made in connection with his representation of Plaintiff, including, but not limited to, his decision to file certain motions, strike certain jurors, call particular witnesses, or impeach witness testimony. Plaintiff seeks monetary

damages against Attorney Peebles and his firm for what amounts to a claim of legal malpractice. In this context, public defenders are not "state actors" who are amenable to suit under § 1983.

This claim belongs in state court. In addition to possible relief under state tort law, a prisoner also retains the right to initiate state and federal habeas corpus proceedings. *See Dodson*, 454 U.S. 312, n. 18. While this Court expresses no opinion on the merits of either type of action, the Complaint shall be dismissed without prejudice to Plaintiff pursuing a claim for possible relief under state tort law or in a state or federal habeas action. This case is **DISMISSED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **MARK PEEBLES** and **PEEBLES AND ASSOCIATES, LLC** are **DISMISSED** from this action without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** as well. There is no constitutional right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff identifies no impediments to proceeding in this matter *pro se*, such as mental health, educational, language or other medical issues. (Doc. 3). He has some college experience and demonstrated his ability to clearly articulate his claims in a coherent, well-organized pleading. *Id*.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to any other state tort claim or state or federal habeas action Plaintiff would

like to bring. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 29, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**